Filed 4/27/21  In re I.G. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re I.G., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B305227 (Super. Ct. No. 1506259-G) (Santa Barbara County) |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>I.G.,<br><br>    Defendant and Appellant. | |

I.G. appeals the juvenile court's order sustaining allegations of two counts of assault with a firearm (Pen. Code, § 245, subd. (a)(2)[1]) and two counts of shooting at an inhabited dwelling (§ 246).  (Welf. & Inst. Code, § 602.)  He claims the evidence was insufficient to support one of the two counts of

_____

[1] All statutory references are to the Penal Code unless otherwise noted.

assault with a firearm.  We conclude substantial evidence supported the court's finding.  Affirmed.

FACTS AND PROCEDURAL BACKGROUND

Victims J.P. and G.C. are longtime friends who live in Santa Maria, California.  The two were "hanging out" after work on the evening of July 19, 2019.  They arrived at J.P.'s apartment in G.C.'s car and pulled into his garage space.  G.C. recalled walking out of the garage and into the adjacent alleyway to access wi-fi for his cell phone while J.P. stayed in the garage.

A neighbor sitting in another garage noticed a blue car stop in front of G.C.'s.  He heard arguing between J.P. and one of the car's occupants followed by several gunshots.  A second neighbor heard yelling and came to her second-floor apartment window.  She saw a young man standing in the street next to a car firing a handgun down the alley.  She snapped a photo of the car as it drove away and called 911.  Police located a matching vehicle at a nearby cemetery, where they saw appellant and several others gathered around the grave of a deceased member of Santa Maria's West Park gang.  An officer searched appellant and found a 9-millimeter handgun in his pants.  A firearms expert later testified that seven bullet casings found near the alleyway were consistent with those test fired from appellant's gun.

Appellant was 15 years old at the time of the shooting.  Appellant was charged in a Juvenile Petition (Welf. & Inst. Code, § 602) with two counts of attempted murder (§§ 187, subd. (a), 664); two counts of assault with a firearm (§ 245, subd. (a)(2)); and two counts of shooting at an inhabited dwelling (§ 246).  The juvenile court sustained the counts of assault with a firearm and shooting at an inhabited dwelling.  It committed appellant to the Division of Juvenile Facilities and set his maximum period of

2

confinement at eighteen years and four months. Appellant appealed.

## DISCUSSION

We limit our review to determining whether substantial evidence supports its findings. (See *People v. Zamudio* (2008) 43 Cal.4th 327, 357 [substantial evidence "is reasonable, credible, and of solid value"].) We view the evidence "in the light most favorable to the prosecution and presume in support of the [court's findings] the existence of every fact [it] could reasonably have deduced from the evidence." (*Ibid.*) "'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the [juvenile court] to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.'" (*Ibid.*) Reversal "'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the [court's findings]. [Citation.]" (*Ibid.*)

Appellant contends there was no evidence he could see J.P. from where he shot the gun. He could not intend to assault the victim, he reasons, if he were not aware of the victim's presence in the first place. He emphasizes how G.C. initially told police J.P. was standing next to him in front of the garage when the shooting began but later testified J.P. was *inside* the garage at the time. Appellant argues this contradictory testimony is not sufficient to support his conviction.

We conclude substantial evidence supported the convictions regardless of whether appellant had a "line of sight" on J.P. when he fired his gun. A neighbor testified hearing J.P. argue with someone in a car as it passed in front of J.P.'s garage. The neighbor also testified G.C. and J.P. were the only ones in J.P.'s garage at that time. The shooter began firing his gun down the

3

alley in the direction of the open garage door shortly afterward. Investigators found seven bullet casings and several impact sites between three and seven feet above the ground. Two other witnesses heard the shooter yelling down the alley before he opened fire.

This evidence shows, at very least, appellant knew J.P. stood at or near the entrance of his garage before spraying bullets in J.P.'s direction. The People's firearms expert described finding bullet holes, all below seven feet in height, passing through the building's wooden beams and penetrating a car's metal body. This indicates J.P. was far from safe even if he stood within the recess of the garage entrance and thus out of appellant's line of sight. (See *People v. Jasso* (2012) 211 Cal.App.4th 1354 [discharging one round into window of restaurant where rival gang member sat supported conviction for assault with a firearm]; *People v. Barnes* (1986) 42 Cal.3d. 284, 303-304, citing *People v. Samuel* (1981) 29 Cal.3d 489, 505 ["if the verdict is supported by substantial evidence, this court must accord due deference to the trier of fact and not substitute its evaluation of a witness's credibility for that of the fact-finder"].)

DISPOSITION

Judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.          TANGEMAN, J.

4

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.